1    Jeffrey N. Pomerantz (CA Bar No. 143717)
     John W. Lucas (CA Bar No. 271038)
2    PACHULSKI STANG ZIEHL & JONES LLP
     10100 Santa Monica Blvd., Suite 1300
3    Los Angeles, CA  90067-4114
     Telephone: 310/277-6910
4    Facsimile: 310/201-0760
     E-mail:   jpomerantz@pszjlaw.com
5                jlucas@pszjlaw.com

6    Proposed Attorneys for Debtors and
     Debtors in Possession

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          SANTA ANA DIVISION

11   In re:                                    Case No.: 14-_____ (___)

12       S.B. Restaurant Co., et al.,[1]       Chapter 11

13                              Debtors.        (Joint Administration Requested)

14   Affects:                                  NOTICE OF EMERGENCY MOTION
                                                AND EMERGENCY MOTION OF
15   ☑  All Debtors                             DEBTORS FOR AN ORDER (I)
     ☐  S.B. Restaurant Co.                     LIMITING SCOPE OF NOTICE, (II)
16   ☐  S.B. Restaurant Co. of Kansas LLC       ESTABLISHING OMNIBUS HEARING
     ☐  S.B. Restaurant Co. of Central Florida, LLC   DATES, AND (III) IMPLEMENTING
17                                              OTHER CASE MANAGEMENT
                                   Debtors.     PROCEDURES; MEMORANDUM OF
18                                              POINTS AND AUTHORITIES IN
                                                SUPPORT THEREOF
19
                                                [Declaration of T. Scott Avila, Proposed Chief
20                                              Restructuring Officer, in Support of
                                                Emergency First Day Motions Filed
21                                              Concurrently Herewith]

22

23   TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF
     THE UNITED STATES TRUSTEE, THE DEBTORS' LENDERS, THE CREDITORS
24   APPEARING ON THE LIST FILED IN ACCORDANCE WITH RULE 1007(D) OF THE
     FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND PARTIES REQUESTING
25   SPECIAL NOTICE:

26

27   _____
     [1]The Debtors and the last four digits of each the Debtors' federal tax identification numbers are S.B Restaurant Co.
28   (3572); S.B. Restaurant Co. of Kansas LLC (3291); and S.B. Restaurant Co. of Central Florida, LLC (0207).  The
     Debtors' address is:  200 E. Baker Street, Suite 201, Costa Mesa, CA 92626.

     DOCS_LA:278409.1 76811/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE THAT** S.B. Restaurant Co., et al., the above-referenced debtors and debtors in possession (the "**Debtors**"), hereby move (the "**Motion**") this Court for entry of an order on an emergency basis, pursuant to section 105(a) of the Bankruptcy Code and Rules 1015(c), 2002, and 9007, (i) authorizing it to limit notice with respect to Limited Notice Matters (as defined below), (ii) establishing omnibus hearing dates, and (iii) establishing other case management procedures, as set forth in more detail below in the *Memorandum of Points and Authorities* annexed hereto.

**PLEASE TAKE FURTHER NOTICE** that the Debtors' consolidated creditor matrix in these chapter 11 cases contains approximately 10,000 parties and the Debtors anticipate that numerous creditors will assert claims against the estates.  Requiring notice to, and service upon, so many persons or entities would substantially augment the cost and administrative burden to the Debtors and their estates and diminish the assets ultimately available for reorganization without conferring any meaningful benefit on the Debtors' estates.  The Debtors submit that the proposed limited scope of notice is necessary to avoid the administrative costs of serving notice of all pleadings on parties while simultaneously assuring that the interested parties in these cases receive proper and sufficient notice of all matters.  Additionally, establishing omnibus hearing dates and other case management procedures will reduce the cost and burden associated with the possibility of numerous, fragmented hearings, particularly where many parties-in-interest are out of town.  Therefore, pursuant to Local Rule 2081-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "**Local Rules**"), the Debtors request that this Motion be heard on an emergency basis.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the *Notice of Emergency Motions* that will be filed and served upon obtaining a hearing date for the Debtors' "First Day Motions," the attached *Memorandum of Points and Authorities*, the *Declaration of T. Scott Avila, Proposed Chief Restructuring Officer, in Support of Emergency First Day Motions* filed concurrently herewith, the arguments of counsel and other admissible evidence properly brought before the Court at or before the hearing on this Motion.  In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in these cases.

**PLEASE TAKE FURTHER NOTICE** that any opposition or other response to the Motion may be filed with the Court and served on proposed counsel for the Debtors at the above address any time before the hearing, or may be presented at the hearing on the Motion.  You will receive a separate notice of the date and time of the hearing on this Motion.  Your failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will serve this Notice and Motion and the attached *Memorandum of Points and Authorities* on:  (a) the Office of the United States Trustee, (b) the creditors appearing on the list filed in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), or an official committee of unsecured creditors (the "**Committee**"), if such Committee is appointed before adjudication of this Motion; (c) Cerberus Business Finance, LLC, as administrative and collateral agent for the first lien lenders of the Debtors; (d) Fidus Mezzanine Capital, L.P. as collateral agent for the senior subordinated lenders of the Debtors and; and (e) the parties that file with the Court requests for notice of all matters in accordance with Bankruptcy Rule 2002.  To the extent necessary, the Debtors request that the Court waive compliance with Local Bankruptcy Rule 9075-1 and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight or electronic delivery.  In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties-in-interest as the Court directs.  The Debtors submit that such notice is sufficient and that no other or further notice be given.

**WHEREFORE** to facilitate the efficient administration of these cases, and to reduce the significant costs, delays, and burdens that would be associated with providing notice of all matters in these cases to all creditors, the Debtors hereby respectfully request that the Court enter the order substantially in the form of **Exhibit A** hereto: (a) granting the relief requested herein; (b) finding

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

that notice of the Motion is sufficient under the circumstances; and (c) granting such other and further relief as is just and proper under the circumstances.

Dated:    June 16, 2014                    PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ John W. Lucas*
  Jeffrey N. Pomerantz
  John W. Lucas

Proposed Attorneys for
Debtors and Debtors in Possession

Proposed Attorneys for Debtor
and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Jeffrey N. Pomerantz (CA Bar No. 143717)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jpomerantz@pszjlaw.com
              jlucas@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| In re: | Case No.: 14-_____ (____) |
|---|---|
| S.B. Restaurant Co., et al.,[1] | Chapter 11 |
| Debtors. | (Joint Administration Requested) |

Affects:

☑ All Debtors
☐ S.B. Restaurant Co.
☐ S.B. Restaurant Co. of Kansas LLC
☐ S.B. Restaurant Co. of Central Florida, LLC

Debtors.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION OF DEBTORS FOR AN ORDER (I) LIMITING SCOPE OF NOTICE, (II) ESTABLISHING OMNIBUS HEARING DATES, AND (III) IMPLEMENTING OTHER CASE MANAGEMENT PROCEDURES**

[Declaration of T. Scott Avila, Proposed Chief Restructuring Officer, in Support of Emergency First Day Motions Filed Concurrently Herewith]

---

[1] The Debtors and the last four digits of each the Debtor's federal tax identification numbers are S.B Restaurant Co. (3572); S.B. Restaurant Co. of Kansas LLC (3291); and S.B. Restaurant Co. of Central Florida, LLC (0207).  The Debtors' address is:  200 E. Baker Street, Suite 201, Costa Mesa, CA 92626.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## TABLE OF CONTENTS

I. STATEMENT OF FACTS ............................................................................................... 1

   A.   Jurisdiction and Venue ........................................................................................... 1

   A.   General Background ............................................................................................... 1

II. RELIEF REQUESTED ................................................................................................. 2

III. THE CASE MANAGEMENT PROCEDURES ........................................................ 3

   A.   Proposed Limited Notice ....................................................................................... 3

   B.   Proposed Notice Procedures .................................................................................. 4

      1.   Service of Limited Notice of  Matters That Are Not Emergency or Expedited Motions ... 4

      2.   Notice of Appearance ................................................................................... 5

      3.   Electronic Service ........................................................................................ 6

      4.   Notices of Hearing ...................................................................................... 6

      5.   Service of Limited Notice Matters that Require Emergency or Expedited Relief ............. 6

      6.   Affidavits of Service ................................................................................... 7

      7.   Master Service List ..................................................................................... 7

   C.   Hearings and Related Matters .............................................................................. 7

      1.   Omnibus Hearings ...................................................................................... 7

      2.   Telephonic Appearances ............................................................................. 8

      3.   Agenda Letters ............................................................................................ 8

      4.   Relief Without a Hearing ............................................................................ 9

      5.   Settlements .................................................................................................. 9

   D.   Automatic Stay Proceedings ............................................................................... 10

      1.   Hearings and Objection Deadlines ........................................................... 10

      2.   Automatic Relief Provision Inapplicable ................................................. 10

   E.   Availability of Documents .................................................................................. 10

IV. ARGUMENT ............................................................................................................. 11

   A.   The Court Has Authority to Limit the Scope of Notice .................................... 11

   B.   Service of This Motion ....................................................................................... 12

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **TABLE OF AUTHORITIES**

## **Statutes**

11 U.S.C. § 102 ................................................................................................. 12

11 U.S.C. § 105 .............................................................................................. 3, 12

11 U.S.C. § 1102 ................................................................................................ 4

11 U.S.C. § 1103 ................................................................................................ 5

11 U.S.C. § 1104 ............................................................................................. 4, 5

11 U.S.C. § 1107 ................................................................................................ 1

11 U.S.C. § 1108 ................................................................................................ 1

11 U.S.C. § 1121 ................................................................................................ 4

11 U.S.C. § 327 .................................................................................................. 5

11 U.S.C. § 328 .................................................................................................. 5

11 U.S.C. § 329 .................................................................................................. 5

11 U.S.C. § 330 .................................................................................................. 5

11 U.S.C. § 331 .................................................................................................. 5

11 U.S.C. § 362 ............................................................................................. 4, 11

11 U.S.C. § 363 .................................................................................................. 4

11 U.S.C. § 365 .................................................................................................. 4

11 U.S.C. § 502 .................................................................................................. 4

11 U.S.C. § 554 .................................................................................................. 4

28 U.S.C. § 1334 ............................................................................................... 1

28 U.S.C. § 1408 ............................................................................................... 1

28 U.S.C. § 1409 ............................................................................................... 1

28 U.S.C. § 157 ................................................................................................. 1

## **Rules**

Fed. R. Bankr. P. 1007 ................................................................................... 6, 13

Fed. R. Bankr. P. 1015 ....................................................................................... 3

Fed. R. Bankr. P. 2002 .................................................................... 3, 4, 5, 6, 7, 12

Fed. R. Bankr. P. 2014 .................................................................................. 5

Fed. R. Bankr. P. 2016 .................................................................................. 5

Fed. R. Bankr. P. 2017 .................................................................................. 5

Fed. R. Bankr. P. 2019 ............................................................................... 4, 5

Fed. R. Bankr. P. 3002 .................................................................................. 4

Fed. R. Bankr. P. 3003 .................................................................................. 4

Fed. R. Bankr. P. 3007 .................................................................................. 4

Fed. R. Bankr. P. 3008 .................................................................................. 4

Fed. R. Bankr. P. 3016 .................................................................................. 4

Fed. R. Bankr. P. 4001 ............................................................................ 4, 5, 13

Fed. R. Bankr. P. 6004 ............................................................................ 4, 5, 13

Fed. R. Bankr. P. 6005 .................................................................................. 5

Fed. R. Bankr. P. 6006 ............................................................................ 4, 5, 13

Fed. R. Bankr. P. 6007 ............................................................................... 4, 5

Fed. R. Bankr. P. 9006 ................................................................................. 13

Fed. R. Bankr. P. 9007 ......................................................................... 3, 5, 12, 13

Fed. R. Bankr. P. 9010 .................................................................................. 6

Fed. R. Bankr. P. 9013 ................................................................................. 13

Fed. R. Bankr. P. 9014 ............................................................................ 4, 5, 13

Fed. R. Bankr. P. 9019 ............................................................................... 4, 13

Fed. R. Civ. P. 5 ........................................................................................ 11

L.B.R. 2002-1 ......................................................................................... 6, 8

L.B.R. 2002-2 ........................................................................................... 6

L.B.R. 2081-1 ......................................................................................... 5, 9

L.B.R. 9021-1 .......................................................................................... 10

L.B.R. 9075-1 ............................................................................ 7, 8, 9, 13, 14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

S.B. Restaurant Co., et al., the above-referenced debtors and debtors in possession (the "**Debtors**"), hereby file this Memorandum of Points and Authorities in support of *Emergency Motion of Debtors for an Order (I) Limiting Scope of Notice, (II) Establishing Omnibus Hearing Dates, and (III) Implementing Other Case Management Procedures* (the "**Motion**"), and respectfully represents as follows:

## I.

## STATEMENT OF FACTS

### A.    Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### A.    General Background

On the date hereof (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors continue to operate and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in these chapter 11 cases.

As of the Petition Date, the Debtors operate 29 full-service restaurants known as Elephant Bar Global Grill / Wok Kitchen ("**Elephant Bar**") in seven states around the country.  The company was founded in 1993 and is currently based in Costa Mesa, California. The Elephant Bar restaurant was designed to provide a comfortable and unique place to escape from the stress of everyday life, to relax and enjoy a fun, casual dining experience. Over the years, Elephant Bar's food offerings have become the star of the restaurant, with bold Pan Asian flavor experiences, and other popular recipes from around the world that have a well-balanced price.

In the years and months leading up to the Petition Date, the Debtors' overleveraged balance sheet and competitive industry has had and continues to have an adverse impact on the Debtors' financial performance.  In addition, consumers' discretionary spending has dropped significantly

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  leading to reduced consumer traffic and sales. Within the restaurant industry, the mid-scale sector

2  suffered sale declines, which sector encompasses the Debtors' restaurant business.

3      In late 2013, as the Debtors' liquidity position continued to deteriorate, the Debtors

4  struggled to meet their debt service obligations under their prepetition credit agreements, which

5  resulted in defaults under the Debtors' senior and junior debt facilities. Over the last several months

6  the Debtors have explored available restructuring alternatives as part of their overall turnaround

7  efforts.  These efforts have included various operational initiatives designed to increase operating

8  performance and attempts to locate a strategic partner to invest additional money into the Debtors or

9  acquire the Debtors' business operations as a going concern. After months of careful review the

10  Debtors have determined that the sale of their business through a bankruptcy court supervised

11  auction process is the best way to preserve the jobs of their employees and maximize value for

12  stakeholders.  The Debtors are working towards identifying a stalking horse bidder and expect to be

13  able to file a motion seeking approval of sales procedures soon.

14      Additional factual background regarding the Debtors, including their current and historical

15  business operations and the events precipitating their chapter 11 filings, is set forth in detail in the

16  *Declaration of T. Scott Avila, Proposed Chief Restructuring Officer of the Debtors, in Support of*

17  *Emergency First Day Motions (*the "**Avila Declaration**"*)* filed contemporaneously with this Motion

18  and incorporated herein by reference.

19                                      **II.**

20                              **RELIEF REQUESTED**

21      By this motion, the Debtors hereby request, pursuant to section 105(a) of the Bankruptcy

22  Code and Rules 1015(c), 2002, and 9007 of the Federal Rules of Bankruptcy Procedure, that this

23  Court approve a limited notice procedure, the establishment of omnibus hearing dates, and other

24  case management procedures that will promote efficient and orderly administration of the chapter

25  11 case, by enabling all parties to plan efficiently for the use of hearing time.  A proposed form of

26  order is annexed hereto as **Exhibit A**.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**III.**

**THE CASE MANAGEMENT PROCEDURES**

A.    **Proposed Limited Notice**

The Debtors estimate that it has approximately 10,000 creditors and parties-in-interest.  The large number of creditors and other parties-in-interest involved in Debtors' chapter 11 cases will impose heavy administrative and other burdens upon the Debtors, the Court, and the Clerk's Office. The Debtors desire to cooperate with the Clerk's Office to help alleviate those burdens, to the fullest extent possible.  Accordingly, the Debtors request that this Court approve the limited notice procedures (the "**Procedures**") as set forth below.

To the extent the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules require broader notice, the Debtors respectfully request that motions or applications regarding the following matters or proceedings be the subject of limited notice in these chapter 11 cases:

- any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004 (except a sale of substantially all assets of the any of the Debtors);

- any proposed extension of the Debtors' exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;

- any proposed approval of a compromise or settlement of a controversy pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019;

- any proposed abandonment or disposition of property of the estates pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);

- any proposed assumption or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);

- any proposed modification of the automatic stay pursuant to section 362 of the Bankruptcy Code or Bankruptcy Rules 4001(a) or 9014;

- any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a;

- any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;

- any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

- any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 or 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

- any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

- • any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court;

- • a hearing on any other contested matter in these cases that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and

- • all other pleadings, papers, and requests for relief or other order of the Court.

The notices, motions and applications for which the Debtors are seeking to limit notice are hereinafter referred to as the "**Limited Notice Matters**."

Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights of all creditors and parties-in-interest in these cases to receive notice of the following matters or proceedings: (a) the meeting of creditors; (b) the deadline for filing proofs of claim; (c) the hearing on any motion to convert or dismiss the chapter 11 cases; (d) the time fixed for filing objections to and the hearing to consider approval of a disclosure statement; (e) the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and (f) the time fixed to accept or reject a proposed modification of a plan or plans of reorganization. As required by Bankruptcy Rule 2002(d), the Debtors are prepared to provide notice to the Debtors' equity security holders of the foregoing.

**B.    Proposed Notice Procedures**

As permitted by Bankruptcy Rules 2002(i) and (m) and 9007, the Debtors propose that the Court enter an order that, to the extent allowed, limits the parties upon whom the Debtors must serve the Limited Notice Matters in these cases.  The Debtors request that the order designate the manner of service for all matters which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service (including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006, or 6007 and Local Bankruptcy Rule 2081-1).

**1.    Service of Limited Notice of
Matters That Are Not Emergency or Expedited Motions**

With respect to the Limited Notice Matters to be heard on regular notice, the Debtors propose that notice be deemed sufficient if served, *via* first class mail, overnight delivery, or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

electronically by facsimile or e-mail only upon the following parties: (a) counsel to the Debtors, (b) counsel to Cerberus Business Finance, LLC, as administrative and collateral agent for the first lien lenders of the Debtors; (c) Fidus Mezzanine Capital, L.P. as collateral agent for the senior subordinated lenders of the Debtors, (d) the Office of the United States Trustee; (e) counsel for any statutory committee appointed in these cases, or until such time as counsel is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d); (f) parties that file with the Court and serve upon the Debtors a request for notice of all matters in accordance with Bankruptcy Rule 2002(i); and (g) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel (hereinafter, the "**Core Parties**").

If a person or entity that is a Core Party has filed a request for special notice pursuant to Local Rule 2002-1(a)(1) (*i.e.*, a Notice of Appearance) (as defined herein), such party is deemed to have consented to service electronically by the Court's Case Management/Electronic Case Files System ("**NEF Service**"), and such party shall be deemed served upon the filing of the applicable pleading with the Court.[1]

2.    **Notice of Appearance**

Any creditor, equity interest holder, or other party-in-interest that wishes to receive notice in these chapter 11 cases and is not otherwise entitled to notice of the Limited Notice Matters must file with the Court and serve on counsel to the Debtors a notice of appearance (a "**Notice of Appearance**") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b).  The Notice of Appearance shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these chapter 11 cases shall have any effect unless the foregoing requirements are satisfied.  Any party having filed a Notice of Appearance will be deemed to have consented to service electronically by NEF Service.  Any individual or entity filing a Notice of Appearance pursuant to Bankruptcy Rule 2002 who does not

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The Office of the United States Trustee shall be served in accordance with Local Rule 2002-2(a).

1  maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a

2  certification stating the same.  Notice will be provided to that individual or entity by U.S. mail,

3  overnight mail, or facsimile, in the Debtors' or any statutory Committee's sole discretion.

4          **3.**      **Electronic Service**

5          Any party that is properly served by NEF Service or other reliable electronic means will be

6  deemed served upon execution of such NEF Service or electronic service.  If service is effected by

7  overnight delivery, one (1) day must be added to the applicable notice period.  If service is effective

8  by regular mail, three (3) days must be added to the applicable notice period.

9          **4.**      **Notices of Hearing**

10         A "Notice of Hearing" shall be affixed to all pleadings required to be heard by the Court,

11  and shall include the following: (a) the title of the pleading; (b) the parties upon whom any

12  objection to the pleading is required to be served; (c) the date and time of the applicable objection

13  deadline; (d) the date of the applicable hearing at which the pleading shall be considered by the

14  Court; and (e) a statement that the relief requested may be granted without a hearing if no objection

15  is timely filed and served in accordance with the Procedures set forth herein.

16         **5.**      **Service of Limited Notice Matters that Require Emergency or Expedited Relief**

17         Pursuant to Local Bankruptcy Rule 9075-1(a), motions that require emergency or expedited

18  relief must be served by e-mail, facsimile, personal delivery, messenger, NEF Service, or as

19  directed by the Court to the parties to whom notice of the motion is required to be given by the

20  Bankruptcy Rules or by the Local Bankruptcy Rules, "as well as any other party likely to be

21  adversely affected by the granting of the motion and the Office of the United States Trustee."  In

22  some instances service by one of the means listed is not possible within the time frame available or

23  is not practical (*e.g.*, service on a very large group for which the Debtors have no fax numbers or

24  email addresses readily available).

25         With respect to the Limited Notice Matters to be heard on emergency or expedited notice,

26  the Debtors propose that, in addition to the methods of service authorized by Local Bankruptcy

27  Rule 9075-1(a), notice be deemed sufficient if served only on the Limited Service List, *via*

28  overnight delivery, so long as the notice will be delivered prior to the scheduled hearing time.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Debtors submit that such notice constitutes due and sufficient notice of the Limited Notice Matters.

### 6. Affidavits of Service

Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice.

### 7. Master Service List

Pursuant to Local Rule 2002-1(b), the Debtors will maintain a master service list which shall include the Rule 2002 List (the "**Master Service List**"). The Master Service List will contain addresses, facsimile numbers, and e-mail addresses of the Core Parties and all other parties that file a Notice of Appearance. The Debtors will use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Master Service List, and any updates thereto, will be posted on any case information website established by the Debtors and filed electronically on the Court's electronic docket starting on the date that is fourteen (14) days from the date after entry of an order approving this Motion. Any party that wishes to change its address on the Master Service List or the list of all creditors and equity security holders should provide notice of the change to the Court, counsel for the Debtors, and the parties entitled to such notice.

## C. Hearings and Related Matters

### 1. Omnibus Hearings

By way of this Motion and in connection with the entry of an order granting the Motion, the Debtors request that the Court schedule monthly omnibus hearings (the "**Omnibus Hearings**") through November 2014, and additional dates as necessary. After obtaining Omnibus Hearing dates from the Court, the Debtors will file notice of such dates electronically with the Court. If Omnibus Hearings are scheduled, the following guidelines shall apply.

Hearings in connection with (a) claims objections, (b) pre-trial conferences and trials related to adversary proceedings, (c) approval of a disclosure statement, (d) confirmation of a plan of reorganization, and (e) any other Pleadings filed by the Debtors may be scheduled for dates other

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

than the Omnibus Hearing dates.  However, initial pre-trial conferences scheduled in connection with adversary proceedings will be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint, except as otherwise ordered by the Court. Hearings on all other pleadings must be scheduled for an Omnibus Hearing, except as provided by Local Bankruptcy Rule 2081-1 and 9075-1 as discussed herein.

If a filed document purports to set a hearing date inconsistent with the Procedures, the hearing will be scheduled, without the necessity of court order, for the first Omnibus Hearing date after the applicable notice period has expired.  If this occurs, the Debtors will provide the movant with notice of these Procedures within three (3) business days of the Debtors' receipt of the documents that are erroneously filed.

## 2.    **Telephonic Appearances**

If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least 48 hours prior to the scheduled hearing.  If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Central District of California, as well as those required by the Judge assigned to these chapter 11 cases and promptly supply such information to the Debtors' attorneys.  Such procedures are available at www.casb.uscourts.gov.

Unless the Court provides otherwise, telephonic appearances will not be permitted for any party actively participating in a contested matter before the Court.

## 3.    **Agenda Letters**

By approximately 4:00 p.m. standard Pacific Time two days before a scheduled hearing, the Debtors shall file with the Court a letter setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile, on: (a) the Court; (b) the U.S. Trustee; (c) the attorneys for any statutory committee; (d) the Master Service List, and (e) any parties that have filed documents to be considered at the hearing.  Agenda letters shall not be required where the Debtors have less than

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

forty-eight (48) hours notice of the hearing.  The matters listed on the agenda letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

**4.        Relief Without a Hearing**

A pleading may be granted without a hearing provided that, after the passage of the objection deadline, the attorney for the entity who has filed the pleading (a) files a declaration, with copies of the motion, notice and proof of service of the notice and motion attached as exhibits, pursuant to 28 U.S.C. § 1746 indicating that no objection has been filed or served in accordance with these procedures; (b) lodges a proposed order in accordance with Local Rule 9021-1; and (c) delivers by U.S. mail, or hand or overnight delivery, a package to the Court including (i) the declaration described in subsection (a) above and (ii) a printed copy of the order, or an electronic copy of the order in MS-Word format uploaded through the Court's LOU Procedures (collectively, the "**No Objection Package**").  Upon receipt of the No Objection Package, the Court may grant the relief requested in the pleading without further submission, hearing, or request.  If the Court does not grant the relief, (x) the pleading will be heard at the next-scheduled Omnibus Hearing that is at least fourteen (14) calendar days from the date the No Objection Package is received by the Court and (y) the decision shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

**5.        Settlements**

In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  However, the parties to the settled matter will promptly inform the Court of the resolution.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   the Debtors shall serve such notice in accordance with the procedures set forth herein and a hearing

2   to consider such settlement will be on the next hearing day deemed appropriate by the Court.

3   **D.      Automatic Stay Proceedings**

4          **1.      Hearings and Objection Deadlines**

5          Notwithstanding anything contained herein, motions for relief from the automatic stay filed

6   pursuant to section 362 of the Bankruptcy Code will be noticed for consideration for the Omnibus

7   Hearing that is at least twenty-one (21) calendar days after the motion is filed and notice is served

8   upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline for the Debtors

9   shall be the later to occur of (a) fourteen (14) calendar days after the date of service of the Pleading,

10  plus an additional three (3) days if the Pleading is served by mail, electronically or pursuant to Fed.

11  R. Civ. P. 5(b)(2)(D), (E) of (F) or (b) any date otherwise ordered by the Court.

12         **2.      Automatic Relief Provision Inapplicable**

13         Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a

14  request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or

15  after the thirtieth day after the moving party's request for relief was made, the moving party will be

16  deemed to have consented to the continuation of the automatic stay in effect pending the conclusion

17  of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code,

18  and shall be deemed to have waived its right to assert the termination of the automatic stay under

19  section 362(e) of the Bankruptcy Code.

20  **E.      Availability of Documents**

21         The Debtors are filing contemporaneously herewith an application to retain a claim and

22  noticing agent (the "**Notice and Claims Agent**").  The Debtors propose that the proposed Notice

23  and Claims Agent design, maintain, and operate a website, in connection with these chapter 11

24  cases (the "**Case Information Website**").  The Debtors intend to post certain information regarding

25  these cases on the Case Information Website, including the Documents filed in these chapter 11

26  cases, which will be accessible to the general public.  The website address for the Case Information

27  Website will be:  http://omnimgt.com/SBRestaurant and the centralized call center of the Notice

28  and Claims Agent is:  Rust Omni Consulting Bankruptcy, 818-906-8300.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## IV.

## ARGUMENT

**A.**     **The Court Has Authority to Limit the Scope of Notice**

The Procedures proposed herein comport with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.  The Bankruptcy Code, for example, defines the phrase "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ."  11 U.S.C. § 102(a)(A).  In addition to the Court's general equitable powers under section 105(a) of the Bankruptcy Code, the Court may, "unless inconsistent with another provision of this title or with the applicable [Bankruptcy Rules], issue an order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically."  11 U.S.C. § 105(d).

Bankruptcy Rules 2002 and 9007 also provide authority for the relief requested in this Motion.  Bankruptcy Rule 2002(i) provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i).

Bankruptcy Rule 2002(m), which authorizes this Court to regulate notice requirements, further provides that:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Similarly, Bankruptcy Rule 9007 affords the Court general authority to regulate notices:

2    When notice is to be given under these rules, the court shall designate,
      if not otherwise specified herein, the time within which, the entities to
3     whom, and the form and manner in which the notice shall be given.

4    Fed. R. Bankr. P. 9007.

5    In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014, and 9019 each

6    allow this Court to determine those parties to whom the Debtors must provide notice.

7    The Debtors believe that, due to the large number of creditors and other parties in interest in

8    these cases, it would be appropriate to limit notice of the matters as set forth herein.  Service of

9    notice of all pleadings and other documents to all creditors would substantially delay the provision

10   of notice in each particular instance, thereby hampering the conduct of Debtors' business and

11   impeding the consummation of transactions, or the granting of other relief that may be

12   advantageous to Debtors' estates and creditors.  Moreover, service of notice to all creditors with

13   respect to such matters would substantially increase the cost of service to Debtors' estates.  No

14   party is prejudiced by this procedure, because each party in interest that desires notice of pleadings

15   and other documents may, by requesting special notice, receive such notice.

16   The Debtors' proposed noticing procedures fall well within the Court's authority to regulate

17   notices and will mitigate the administrative and economic burdens that would otherwise be imposed

18   upon the Court, the Clerk's office and Debtors' estates, without diminishing creditors' opportunity

19   to receive notice if they so desire.

20   **B.    <u>Service of This Motion</u>**

21   The Debtors are serving this Motion by email, overnight delivery or facsimile on (a)the

22   Office of the United States Trustee, (b)the creditors appearing on the list filed in accordance with

23   Fed. R. Bankr. P. 1007(d) by the Debtors unless and until an official committee of unsecured

24   creditors (the "**Committee**") is appointed, then in that event, to counsel to the Committee; (c)

25   counsel to Cerberus Business Finance, LLC, as administrative and collateral agent for the first lien

26   lenders of the Debtors; (d) Fidus Mezzanine Capital, L.P. as collateral agent for the senior

27   subordinated lenders of the Debtors and; and (e)the parties that file with the Court requests for

28

1   notice of all matters in accordance with Bankruptcy Rule 2002.  The Debtors submit that such

2   notice is appropriate under the circumstances.

3          The Debtors note that Local Bankruptcy Rule 9075-1(a)(5) could plausibly be interpreted to

4   require that the Debtors to serve all parties on the creditor matrix by personal delivery, messenger,

5   telephone, fax or email with this Motion because the Motion affects their right to receive service of

6   certain notices, motions and applications.  As stated above, there are approximately 10,000 parties

7   on the creditor matrix, for which the Debtors have few telephone or fax numbers or email

8   addresses.  Serving the Motion by messenger or personal delivery on each of the parties would

9   clearly be cost and time prohibitive.

10         Further, serving the Motion by overnight delivery on 10,000 parties would be cost

11  prohibitive, defeat the very purpose for which this Motion is filed, and would accomplish very little.

12  The vast majority of parties on the list of 10,000 will not be interested in receiving the Limited

13  Notice Matters or this Motion.  The Debtors submit that service of this Motion as set forth above is

14  sufficient under the circumstances and, in the event that Local Bankruptcy Rule 9075-1(a)(5)

15  actually requires personal delivery, messenger, telephone, fax or email on all 10,000 creditors, the

16  Debtors hereby request that the Court waive compliance with said Rule and find that notice of this

17  Motion to the Limited Service List is sufficient and appropriate notice.

18         If this Motion is granted, the Debtors propose to inform creditors and other parties in

19  interest of the Procedures set forth herein and Omnibus Hearing dates by sending such persons a

20  notice, by regular first class mail, overnight delivery, facsimile, e-mail, or any other reliable means,

21  in the form attached hereto as **Exhibit B** (the "**Notice of Procedures**"), which will be included with

22  other notices and/or pleadings served on all parties in these cases.

23         WHEREFORE, to facilitate the efficient administration of these cases, and to reduce the

24  significant costs, delays, and burdens that would be associated with providing notice of all matters

25  in these cases to all creditors, the Debtors hereby respectfully request that the Court enter the order

26  substantially in the form of **Exhibit A** hereto: (a) granting the relief requested herein; (b) finding

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

that notice of the Motion is sufficient under the circumstances; and (c) granting such other and

further relief as is just and proper under the circumstances.

Dated:    June 16, 2014              PACHULSKI STANG ZIEHL & JONES LLP


                                    By: /s/ John W. Lucas
                                        Jeffrey N. Pomerantz
                                        John W. Lucas

                                        Proposed Attorneys for
                                        Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **EXHIBIT A**

(Proposed Order)

Jeffrey N. Pomerantz (CA Bar No. 143717)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jpomerantz@pszjlaw.com
              jlucas@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 14-_____ (___) |
| S.B. Restaurant Co., et al.,[1] | Chapter 11 |
| Debtors. | (Joint Administration Requested) |
| Affects: | **ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AN ORDER (I) LIMITING SCOPE OF NOTICE, (II) ESTABLISHING OMNIBUS HEARING DATES, AND (III) IMPLEMENTING OTHER CASE MANAGEMENT PROCEDURES** |
| ☑ All Debtors<br>☐ S.B. Restaurant Co.<br>☐ S.B. Restaurant Co. of Kansas LLC<br>☐ S.B. Restaurant Co. of Central Florida, LLC | |
| Debtors. | Date:<br>Time:<br>Place:       Courtroom<br>                411 West Fourth Street<br>                Santa Ana, CA<br>Judge:      Honorable |

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession

(the "<u>Debtor</u>"), for authorization, pursuant to section 105(a) of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>") and Rules 1015(c), 2002(i) and (m), and 9007 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to implement certain notice, case management,

and administrative procedures (the "<u>Procedures</u>"), all as more fully set forth in the Motion; and the

---

[1] The Debtors and the last four digits of each the Debtor's federal tax identification numbers are S.B Restaurant Co. (3572); S.B. Restaurant Co. of Kansas LLC (3291); and S.B. Restaurant Co. of Central Florida, LLC (0207).  The Debtors' address is:  200 E. Baker Street, Suite 201, Costa Mesa, CA 92626.
[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Court having jurisdiction is to consider the Motion and the relief requested therein pursuant to 28

2  U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a

3  core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having

4  been provided and no other or further notice is necessary; and the Court having reviewed the

5  Motion and having held a hearing (the "**Hearing**") thereon; and the Court having found and

6  determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

7  and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion,

8  the *Declaration of T. Scott Avila, Proposed Chief Restructuring Officer, in Support of Emergency*

9  *First Day Motions*, and at Hearing establish just cause for the relief granted herein; and after due

10  deliberation and sufficient cause appearing therefor,

11      **IT IS HEREBY ORDERED** that:

12      1.    The Motion is GRANTED.

13      2.    The Procedures set forth herein are approved and shall govern all aspects of these

14  chapter 11 cases, except as otherwise set forth herein or ordered by the Court.

15      3.    Subject to Local Rule 5005-4, all documents filed in these cases shall be filed

16  electronically with the Court on the docket of *In re S.B. Restaurant Co.,* Case No. 14-_____ (   ).

17  **The Limited Notice Matters**

18      4.    For purposes of this Order, the following shall be regarded as the limited notice

19  matters ("**Limited Notice Matters**"):

20/21  • any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004 (except a sale of substantially all assets of the any of the Debtors);

22/23  • any proposed extension of the Debtors' exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;

24  • any proposed approval of a compromise or settlement of a controversy pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019;

25/26  • any proposed abandonment or disposition of property of the estates pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007(a) or (c);

27  • any proposed assumption or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);

28  • any proposed modification of the automatic stay pursuant to section 362 of the Bankruptcy Code or Bankruptcy Rules 4001(a) or 9014;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

- any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);

- any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;

- any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

- any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 or 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

- any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

- any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court;

- a hearing on any other contested matter in these cases that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and

- all other pleadings, papers, and requests for relief or other order of the Court.

5.      Notwithstanding the foregoing, the Limited Notice Matters shall not include any of the following and all creditors and parties in interest shall receive notice for such matters as required by the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, unless otherwise ordered by the Court: (a) the meeting of creditors; (b) the deadline for filing proofs of claim; (c) the hearing on any motion to convert or dismiss these chapter 11 cases; (d) the time fixed for filing objections and the hearing to consider approval of a disclosure statement; (e) the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and (f) the time fixed to accept or reject a proposed modification of a plan or plans of reorganization.  As required by Bankruptcy Rule 2002(d), the Debtors are prepared to provide notice to the Debtors' equity security holders of each of the foregoing.

## Notice Parties

Any Limited Notice Matter to be heard on regular notice, shall be served, *via* first class mail, overnight delivery, or electronically by facsimile or e-mail, only upon: (a) counsel to the Debtors, (b) Cerberus Business Finance, LLC, as administrative and collateral agent for the first lien lenders of the Debtors; (c) Fidus Mezzanine Capital, L.P. as collateral agent for the senior subordinated lenders of the Debtors, (d) the Office of the United States Trustee; (e) counsel for any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

statutory committee appointed in these cases, or until such time as counsel is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d); (f) parties that file with the Court and serve upon the Debtors a request for notice of all matters in accordance with Bankruptcy Rule 2002(i); and (g) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel (hereinafter, the "**Core Parties**").

6.　　In addition to the Core Parties, service of a Limited Notice Matter must be served on all persons and entities that have formally filed a Notice of Appearance (as defined herein) in these cases pursuant to Bankruptcy Rule 2002 and the Procedures.  Documents filed in adversary proceedings do not need to be served on the Master Service List (as defined herein).

7.　　Until any statutory committee of unsecured creditors is appointed in these cases, the creditors appearing on the list filed in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure shall be served as set forth herein.  Upon the formation of an official committee of unsecured creditors, each of the creditors appearing on the list filed in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure that has not filed a Notice of Appearance as set forth herein will no longer be served.

**Notice of Appearance**

8.　　Any creditor, equity interest holder, or other party in interest that wishes to receive notice in these chapter 11 cases and is not otherwise entitled to notice pursuant to the Limited Notice Matters shall file with the Court and serve on counsel to the Debtors a notice of appearance (a "**Notice of Appearance**") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b).  The Notice of Appearance shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in this chapter 11 case shall have any effect unless the foregoing requirements are satisfied.

**NEF Service and Electronic Service**

9.     Any party having filed a Notice of Appearance will be deemed to have consented to service electronically by NEF Service.  Any individual or entity filing a Notice of Appearance pursuant to Bankruptcy Rule 2002 who does not maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a certification stating the same.  Notice will be provided to that individual or entity by U.S. mail, overnight mail, or facsimile, in the Debtors' or any statutory Committee's sole discretion.

10.     Any party that is properly served by NEF Service or other reliable electronic means shall be deemed served upon execution of such NEF Service or electronic service.  If service is effected by overnight delivery, one (1) day must be added to the applicable notice period for it to be effective.  If service is effected by regular mail, three (3) days must be added to the applicable notice period to be effective.

11.     Pursuant to Local Bankruptcy Rule 9075-1(a), motions that require emergency or expedited relief shall be served by e-mail, facsimile, personal delivery, NEF Service, or as directed by the Court to the parties to whom notice of the motion is required to be given by the Bankruptcy Rules or by the Local Bankruptcy Rules, "as well as any other party likely to be adversely affected by the granting of the motion and the Office of the United States Trustee."  With respect to the Limited Notice Matters to be heard on emergency or expedited notice (in addition to the methods of service listed above), notice shall be deemed sufficient if served only on the Limited Service List, *via* overnight delivery, so long as the notice will be delivered prior to the scheduled hearing time.

**Notices of Hearing**

12.     A "Notice of Hearing" shall be affixed to all pleadings required to be heard by the Court, and shall include the following: (a) the title of the pleading; (b) the parties upon whom any objection to the pleading is required to be served; (c) the date and time of the applicable objection deadline; (d) the date of the applicable hearing at which the pleading shall be considered by the Court; and (e) a statement that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with the Procedures set forth herein.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Service of Limited Notice Matters That Require Emergency or Expedited Relief**

13.     Pursuant to Local Bankruptcy Rule 9075-1,[3] motions that require emergency or expedited relief must be served by e-mail, facsimile, personal delivery, messenger, NEF Service, or as directed by the Court to the parties to whom notice of the motion is required to be given by the Bankruptcy Rules or by the Local Bankruptcy Rules, "as well as any other party likely to be adversely affected by the granting of the motion and the Office of the United States Trustee."  In some instances service by one of the means listed is not possible within the time frame available or is not practical (*e.g.*, service on a very large group for which the Debtors have no fax numbers or email addresses readily available).

14.     With respect to the Limited Notice Matters to be heard on emergency or expedited notice, the Debtors propose that, in addition to the methods of service authorized by Local Bankruptcy Rule 9075-1(a), notice be deemed sufficient if served only on the Limited Service List, *via* overnight delivery, so long as the notice will be delivered prior to the scheduled hearing time. Compliance with such notice shall constitute due and sufficient notice of the Limited Notice Matters.

**Affidavits of Service**

15.     Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice.

**Master Service List**

16.     Pursuant to Local Rule 2002-1(b), the Debtors shall maintain a master service list that shall include all persons or entities having filed a Notice of Appearance (the "**Master Service List**"). The Master Service List shall contain addresses, facsimile numbers, and e-mail addresses of the Core Parties and all other parties that file a Notice of Appearance.  The Debtors shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Master Service List, and any updates thereto, shall be posted on any case information website established by the Debtors and filed electronically on the Court's electronic docket starting on the date that is fourteen (14) days from the date after entry of an order approving

---

[3] Pursuant to Local Bankruptcy Rule 9075-1(a)(3), no separate motion for an expedited hearing is required.

1  this Motion.  Any party that wishes to change its address on the Master Service List or the list of all

2  creditors and equity security holders must provide notice of the change to the Court, counsel for the

3  Debtors, and the parties entitled to such notice.

4  **Hearings and Related Matters**

5        17.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic

6  omnibus hearings ("Omnibus Hearings") at which Limited Notice Matters shall be heard, and any

7  other matter permitted by the Court.

8        18.     The first Omnibus Hearings shall be scheduled for the following dates and times:

9  - July ___, 2014 at _____ _.m. (Pacific Time)

10  - August ___, 2014 at _____ _.m. (Pacific Time)

11  - September ___, 2014 at _____ _.m. (Pacific Time)

12  - October ___, 2014 at _____ _.m. (Pacific Time)

13  - November ___, 2014 at _____ _.m. (Pacific Time)

14        19.     If any of the foregoing Omnibus Hearing dates are changed, updated, or

15  supplemented, the Debtors shall file notice of such dates with the Court, and serve such notice upon

16  the Master Service List.

17        20.     Hearings in connection with (a) claims objections, (b) pre-trial conferences and trials

18  related to adversary proceedings, (c) approval of a disclosure statement, (d) confirmation of a plan of

19  reorganization, and (e) any other pleadings filed by the Debtors may be scheduled for dates other

20  than the Omnibus Hearing dates.  However, initial pre-trial conferences scheduled in connection

21  with adversary proceedings will be set on the next available Omnibus Hearing date that is at least

22  forty-five (45) days after the filing of the complaint, except as otherwise ordered by the Court.

23  Hearings on all other pleadings must be scheduled for an Omnibus Hearing, except as provided by

24  Local Rule Local Bankruptcy Rule 2081-1(b)(1)(D) as discussed herein.

25        21.     If a document is filed purports to set a hearing date inconsistent with the Procedures,

26  the hearing will be scheduled, without the necessity of court order, for the first Omnibus Hearing

27  date after the applicable notice period has expired.  If this occurs, the Debtors will provide the

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

movant with notice of these Procedures within three (3) business days of the Debtors' receipt of the documents that are erroneously filed.

**Telephonic Appearances**

22.    If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least 48 hours prior to the scheduled hearing.  If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Central District of California, as well as those required by the Judge assigned to these chapter 11 cases and promptly supply such information to the Debtors' attorneys.  Such procedures are available at www.casb.uscourts.gov.

23.    Unless the Court provides otherwise, telephonic appearances will not be permitted for any party actively participating in a contested matter before the Court.

**Agenda Letters**

24.    By approximately 4:00 p.m. standard Pacific Time two (2) days before a scheduled hearing, the Debtors shall file with the Court a letter setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile, on: (a) the Court; (b) the U.S. Trustee; (c) the attorneys for any statutory committee; (d) the Master Service List, and (e) any parties that have filed documents to be considered at the hearing.  Agenda letters shall not be required where the Debtors have less than forty-eight (48) hours notice of the hearing.  The matters listed on the agenda letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

**Relief Without a Hearing**

25.    A pleading may be granted without a hearing provided that, after the passage of the objection deadline, the attorney for the entity who has filed the pleading (a) files a declaration, with copies of the motion, notice and proof of service of the notice and motion attached as exhibits, pursuant to 28 U.S.C. § 1746 indicating that no objection has been filed or served in accordance with

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   these procedures; (b) lodges a proposed order in accordance with Local Rule 9021-1; and

2   (c) delivers by U.S. mail, or hand or overnight delivery, a package to the Court including (i) the

3   declaration described in subsection (a) above and (ii) a printed copy of the order, or an electronic

4   copy of the order in MS-Word format uploaded through the Court's LOU Procedures (collectively,

5   the "**No Objection Package**").  Upon receipt of the No Objection Package, the Court may grant the

6   relief requested in the pleading without further submission, hearing, or request.  If the Court does not

7   grant the relief, (x) the pleading will be heard at the next-scheduled Omnibus Hearing that is at least

8   fourteen (14) calendar days from the date the No Objection Package is received by the Court; and

9   (y) the decision shall not constitute an extension of the objection deadline related thereto, unless

10  otherwise agreed between the Debtors and the party seeking relief.

11  **Settlements**

12        26.      In the event a matter is properly noticed for hearing and the parties reach agreement

13  on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at

14  the scheduled hearing.  However, the parties to the settle matter will promptly inform the Court of

15  the resolution.  In the event the Court determines that the notice of the dispute and the hearing is

16  adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not

17  materially different from what parties in interest could have expected if the dispute were fully

18  litigated), the Court may approve the settlement at the hearing without further notice of the terms of

19  the settlement.  In the event the Court determines that additional or supplemental notice is required,

20  the Debtors shall serve such notice in accordance with the procedures set forth herein and a hearing

21  to consider such settlement will be on the next hearing day deemed appropriate by the Court.

22  **Automatic Stay Proceedings**

23        27.      Hearings and Objection Deadlines.  Notwithstanding anything contained herein,

24  motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code will

25  be noticed for consideration for the Omnibus Hearing that is at least twenty-one (21) calendar days

26  after the motion is filed and notice is served upon the Debtors.  Unless otherwise ordered by the

27  Court, the objection deadline for the Debtors shall be the later to occur of (a) fourteen (14) calendar

28  days after the date of service of the Pleading, plus an additional three (3) days if the Pleading is

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

served by mail, electronically or pursuant to Fed. R. Civ. P. 5(b)(2)(D), (E) of (F) or (b) any date

otherwise ordered by the Court.

28.    <u>Automatic Relief Provision Inapplicable</u>.  Notwithstanding section 362(e) of the

Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the

Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's

request for relief was made, the moving party will be deemed to have consented to the continuation

of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and

determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its

right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**Availability of Documents**

29.    Subject to the terms and conditions of the Court's approval of any notice and claims

agent, the Debtors shall maintain, and operate a website, in connection with this chapter 11 case (the

"**Case Information Website**").  The Debtors may post certain information regarding these cases on

the Case Information Website, including the documents filed in these chapter 11 cases, which shall

be accessible to the general public.

**Miscellaneous**

30.    The Debtors shall serve a printed copy of this Order upon all parties on the Master

Service List (defined herein) within seven (7) of the date this Order and the Notice of Procedures, or

as soon thereafter as is practicable, which Order will be posted on the Case Information Website.

31.    The Debtors may amend the Procedures from time to time throughout this chapter 11

case and shall present such amendments to the Court by motion in accordance with this Order.

32.    This Court shall retain jurisdiction to hear and determine all matters arising from or

relating to the implementation of this Order.

# # #

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**<u>EXHIBIT B</u>**

**(Notice of Limited Notice Procedures)**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  jpomerantz@pszjlaw.com
          jlucas@pszjlaw.com

Proposed Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>        S.B. Restaurant Co., et al.,[1]<br><br>                        Debtors. | Case No.: 14-_____ (____)<br><br>Chapter 11<br><br>(Joint Administration Requested) |
| Affects:<br><br>☑ All Debtors<br>☐ S.B. Restaurant Co.<br>☐ S.B. Restaurant Co. of Kansas LLC<br>☐ S.B. Restaurant Co. of Central Florida, LLC<br><br>                        Debtors. | **NOTICE OF ORDER LIMITING SCOPE OF NOTICE AND ESTABLISHING OMNIBUS HEARING DATES**<br><br>Date:<br>Time:<br>Place:    Courtroom<br>          411 West Fourth Street<br>          Santa Ana, CA<br>Judge:    Honorable |

**TO ALL CREDITORS AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

        **PLEASE TAKE NOTICE** that the Court has entered the *Order Limiting Scope of Notice and Establishing Omnibus Hearing Dates* [Docket No. __] (the "Case Management Order") sought by the debtor and debtor in possession in the above-captioned cases (the "Debtor"), which establishes the scope of notice to be given in connection with certain proceedings in these cases. The Case Management Order is available at the following website:

http://omnimgt.com/SBRestaurant or you may call 818-906-8300 and request a copy.

        **ALL PARTIES IN INTEREST WILL RECEIVE THIS NOTICE AND NOTICE OF THE FOLLOWING PROCEEDINGS:**

        1.        Any hearing on the dismissal or conversion of these cases;

---
[1] The Debtors and the last four digits of each the Debtor's federal tax identification numbers are S.B Restaurant Co. (3572); S.B. Restaurant Co. of Kansas LLC (3291); and S.B. Restaurant Co. of Central Florida, LLC (0207).  The Debtors' address is:  200 E. Baker Street, Suite 201, Costa Mesa, CA 92626.

DOCS_LA:278409.1 76811/001                           1

2.      The first meeting of creditors;

3.      The time to file proofs of claim;

4.      Certain matters related to a disclosure statement and a plan of reorganization, including any modification thereof (but not including extensions of Debtors' exclusive period in which to file a plan of reorganization or to solicit votes therefor); and

5.      Any other matter for which the Court requires that notice be served on all creditors and/or interest holders.

6.      The Debtors will make a list of parties requesting special notice available to any party in interest upon written request to their counsel.  In addition, the Debtors intends to post certain information regarding these cases on a case information website, including the documents filed in this chapter 11 case, which will be accessible to the general public.  The website address for the case information website will be:  http://omnimgt.com/SBRestaurant and the centralized call center of the notice and claims agent is:  877-465-4819.

7.      Pursuant to the Case Management Order, in order to receive notice of other proceedings in these cases, you will be required to file with the Clerk of the Bankruptcy Court and serve upon proposed counsel to Debtor, at the address on the upper left corner of this notice, a written request for special notice in a form consistent with the Court's rules.

8.      Any party entitled to receive notice of any matter in the bankruptcy cases who will not receive notice of such matters pursuant to the limited notice procedures approved by the Court, may file a timely motion for reconsideration from any order entered in connection therewith pursuant to the requirements of the Federal Rules of Bankruptcy Procedure and the United States Bankruptcy Code.

9.      Omnibus Hearings have been scheduled for the following dates and times:

June ___, 2014 at _____ _.m. (Pacific Time)
July ___, 2014 at _____ _.m. (Pacific Time)
August ___, 2014 at _____ _.m. (Pacific Time)
September ___, 2014 at _____ _.m. (Pacific Time)

Dated:   June __, 2014                          PACHULSKI STANG ZIEHL & JONES LLP


By: _____
     Jeffrey N. Pomerantz
     John W. Lucas

     Proposed Attorneys for
     Debtors and Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA